UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6076-CR-DIMITROULEAS

UNITED STATES OF AMERICA    )
                            )
                            )
        v.                  )
                            )
                            )
KEVIN MILLER,               )
a/k/a Vivian Blake,         )
                            )
            Defendant.      )
_____)

**GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER**

        The United States of America hereby files this response to the Standing Discovery Order
issued in this case.  This response is numbered to correspond to that Order.

A.    1.    There is a recorded statement made by the defendant.  See attached
            transcript.

      2.    There is an oral statement made by the defendant before or after arrest, in
            response to interrogation by a person then known to the    defendant to be
            a government agent, which the government will offer in evidence at trial,
            other than a personal history taken at the time of  arrest.  See 1A.

      3.    The defendant did not testify before the Grand Jury.

      4.    The Interpol criminal record of the defendant is attached.

      5.    Books, papers, documents, etc., which the government intends to use as
            evidence at trial to prove its case in chief, or which were obtained from or
            belong to the defendant, may be inspected by making an appointment with
            undersigned counsel.  Such items include, but are not limited to, the
            following, copies of which are attached: Alabama Birth Certificate in the
            name of Vivian Blake, and Connecticut Driver's License in the name of
            Vivian Blake; AFIS report;  Report written by INS Inspectors John Wilson
            and James Kelly; Certificate of Non-Existence; Fingerprint standards taken
            on March 5, 2000 and on December 17, 1995; 2 page order of exclusion,
            including right index finger print affixed at time of deportation; January 27,
            1996 travel itinerary; and latent examiner's report dated 3/23/00.



6.      There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.      The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.  This request is also made to pursuant to Rule 16(b) of the **Federal Rules of Criminal Procedure**.

C.      The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady</u>.

D.      The government is unaware of any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses within the scope of <u>Giglio</u> or <u>Napue</u>.

E.      The government is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.      The defendant was not identified in a lineup,show-up, photospread, or similar identification proceeding.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b).  You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise.

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury Testimony of all witnesses who will testify for the government at the trial of this cause.

K.      Controlled substances were not involved in this investigation.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that remains in police custody.

M.      The government is aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.  See attached report of FBI AFIS match and 3/23/00 latent examiner's report.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the **Federal Rules of Criminal Procedure**, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule (16)b of the **Federal Rules of Criminal Procedure**, in accordance with Rule 12.1 of the **Federal Rules of Criminal Procedure**, the government hereby demands Notice of Alibi defense; the approximate
time, date, and place of the of the offense were:

1.      Date:  On or about March 5, 2000
         Place: Fort Lauderdale\Hollywood International Airport,
                Broward County, Florida

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court Number A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida  33301
Tel. (954) 356-7255
Fax. (954) 356-7228

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 6th day

of March 2000 to Samuel J. Smargon, Assistant Federal Public Defender, 101 NE Third Avenue,

Suite 202, Fort Lauderdale, Florida 33301-1100.

_____

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

3