UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6076-CR-DIMITROULEAS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| KEVIN MILLER, | ) |
| a/k/a Vivian Blake, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO STANDING DISCOVERY ORDER**

The United States of America hereby files this supplemental response to the Standing Discovery Order issued in this case. This supplemental response is numbered to correspond to that Order.

A.  1.  There is a recorded statement made by the defendant. See attached 4 page transcript.

2.  There is an oral statement made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government will offer in evidence at trial, other than a personal history taken at the time of arrest. See 1A.

5.  Books, papers, documents, etc., which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected by making an appointment with undersigned counsel. Such items include, but are not limited to, the following, copies of which are attached: Alabama Birth Certificate in the name of Vivian Blake and certified document from William W. Duke establishing the falsity of the same; certified copy of defendant's Canadian criminal record and fingerprints; I-122 form; tape of exclusion and deportation hearing conducted on January 16, 1996; defendant's January 27, 1996 travel itinerary; record of exclusion and deportation dated January 27, 1996; 2 page report of forensic document examiner Wayne P. Laptosh; Connecticut Driver's License in the name of Vivian Blake; AFIS report; Report written by INS Inspectors John Wilson and James Kelly; Certificate of Non-Existence, Fingerprint



standards taken on March 5, 2000 and on December 17, 1995; certificate of nonexistence of application to reenter United States; 5 photographs of defendant in prison found in his possession of March 5, 2000; March 30, 2000 removal order, and latent examiner's reports dated 3/23/00 and 5/16/00.

M.     The government is aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. See report of FBI AFIS match previously produced and 3/23/00 and 5/16/00 latent examiner's reports.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the **Federal Rules of Criminal Procedure**, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule (16)b of the **Federal Rules of Criminal Procedure**, in accordance with Rule 12.1 of the **Federal Rules of Criminal Procedure**, the government hereby demands Notice of Alibi defense, the approximate time, date, and place of the of the offense were:

1.     Date: On or about March 5, 2000
       Place: Fort Lauderdale\Hollywood International Airport,
             Broward County, Florida

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court Number A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel. (954) 356-7255
Fax. (954) 356-7228

2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 31st day of May 2000 to Michael Cohen, Esq., Trade Centre South, 100 West Cypress Creek Road, Suite 930, Fort Lauderdale, Florida 33309.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY